# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 2229 | **DATE** | 6/28/2000 |
| **CASE TITLE** | Ole Nilssen vs. Magnetek, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. MagneTek's motion for reconsideration is therefore granted, and this Court holds that the "circuit means" limitation in claim 8 of the '754 Patent is in means-plus-function format, so that it covers the structure disclose in the '754 Patent's specification for performing the recited function (and any equivalents of that structure).(59-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JUN 29 2000 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | 70 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/28/2000 | |
| | | date mailed notice | |
| SN | courtroom deputy's initials | | |
| | | SN | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OLE K. NILSSEN,                       )
                                      )
    Plaintiff/Counterdefendant,   )
                                      )
v.                                    )   No. 98 C 2229
                                      )
MAGNETEK, INC.,                       )
                                      )
    Defendant/Counterplaintiff.   )

MEMORANDUM OPINION AND ORDER

After this action was reassigned to this Court's calendar from that of its colleague Honorable Matthew Kennelly by reason of the substantial similarity between this patent infringement action and that brought by patentee Ole Nilssen ("Nilssen") against Motorola, Inc. in Case No. 96 C 5571, counsel for the litigants[1] have understandably sought to address the few respects in which Judge Kennelly and this Court have differed (or appear to have differed) in the course of the <u>Markman</u> rulings in the two cases.[2] Most recently MagneTek has "move[d] this Court to reconsider Judge Kennelly's construction of the 'circuit means' limitation of the '754 Patent to make it consistent with this Court's prior ruling that the 'circuit means' limitation in the

---

[1] In addition to the unsurprising handling of both of Nilssen's lawsuits by the same law firm, it happens that the law firm representing Motorola in Case No. 96 C 5571 also represents MagneTek, Inc. ("MagneTek") in this action.

[2] To cut down on any need for background discussion, this opinion will assume familiarity with Judge Kennelly's and this Court's opinions, and the defined terms in both of the earlier opinions will be carried forward.

'690 Patent is a means-plus-function limitation" (MagneTek Motion at 1).

As both parties recognize, this Court's April 10, 2000 opinion that first dealt with differences between the two Markman rulings did not address the "circuit means" limitation in the '754 Patent. Again understandably, MagneTek's position on that subject is essentially that whatever was good for Motorola is equally good for MagneTek. It points to the portion of this Court's Markman ruling (disagreeing with Judge Kennelly's view) that spoke to the use of the "circuit means" terminology in claim 17 of the '690 Patent (Nilssen v. Motorola, Inc., 80 F.Supp.2d 921, 929 (N.D. Ill. 2000)(emphasis in original)):

> Although its own days as a highly trained technician (and in one instance as the author of a modest invention) during the formative--nay, primitive--days of airborne radar have so faded into the dim past as to render any possible claim by this Court to being even moderately "skilled in the art" a serious Rule 10b-5 violation, it takes no electronic sophistication at all to understand that electrical circuits are virtually infinite in number. It is not that "circuit" is nongeneric--it is rather that it is so generic that by itself it conveys no sense of structure at all. To say simply that an electrical circuit will be inserted into another circuit to accomplish a stated function is to afford the skilled reader no sense whatever of the structure of that insertion.

For their part, Nilssen's counsel begin by repeating the truism that this Court voiced in the course of its Markman decision in Motorola, id. at 932:

> [I]t is after all entirely possible that an inventor may choose to use the same term in different ways in

2

two different patents.

But Nilssen's counsel then advance nothing to suggest (let alone to show) that such a possibility was translated into reality in the two Nilssen patents at issue here. Instead, when push comes to shove, Nilssen's counsel really do no better than to repeat the same arguments that this Court found wholly unpersuasive in Motorola, attempting to buttress those arguments with citations to two District Court opinions that are plainly distinguishable.

This Court remains unpersuaded by Nilssen's rehash. What was said in the earlier-quoted language from Motorola about "circuit means" applies with equal force here. MagneTek's motion for reconsideration is therefore granted, and this Court holds that the "circuit means" limitation in claim 8 of the '754 Patent is in means-plus-function format, so that it covers the structure disclosed in the '754 Patent's specification for performing the recited function (and any equivalents of that structure).

                                                              _____
                                                              Milton I. Shadur
                                                              Senior United States District Judge

Date: June 28, 2000